**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of JOHANNES ROESSNER,<br><br>Petitioner,<br><br>to Take Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Litigants or Proceedings. | Case No. _____ |

MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR ORDER ALLOWING
DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Ralph M. Stone (rs@stonepllc.com)
STONE LAW GROUP PLLC
1700 Broadway, 41st Floor
New York, New York  10019
(212) 239-1550

*Attorneys for Petitioner*

Petitioner Johannes Roessner ("Petitioner"), by undersigned counsel, respectfully submits this memorandum of law in support of his application for an order pursuant to 28 U.S.C. § 1782(a) authorizing Petitioner to conduct certain document discovery and a deposition in this District for use in a foreign proceeding.  The facts supporting this application are more fully set forth in the accompanying Declaration of János Morlin (the "Morlin Decl."), Petitioner's lead counsel, executed on July 12, 2021.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Petitioner is the defendant and counterclaimant in civil proceedings pending in Munich, Germany (the "German Action") under the title *Deutsche Bank AG v. Johannes Rössner* (Landgericht München I, case no. 27 O 18319/16), pending before the Landgericht München I, or Munich Regional Court I, in Germany.  *See* Morlin Decl. at ¶ 1.  As set forth in greater detail in the Morlin Decl., Petitioner engaged in a series of foreign currency forward exchange agreements that produced significant losses for him.  Deutsche Bank AG ("DB") has sued Petitioner for those losses not covered by his collateral.  In addition to defending against that claim, Petitioner is also countersuing DB alleging claims relating to the fact that DB engaged in a variety of illegal trading activity that contributed to or caused his losses, specifically that DB engaged in a vast money laundering scheme (involving so-called "Mirror Trades"), which affected the value of Russian Rubles and thus negatively impacted Petitioner's own forward exchange agreements ("FX deals").  *See id.* ¶ 3.  That scheme was carried out in significant part in New York by Deutsche Bank Trust Company Americas ("Deutsche Trust").  *Id.* at ¶ 7.

1

Petitioner entered into FX deals with DB, which involved the exchange of Swiss francs ("CHF") for Russian rubles ("RUB"), taking a positive forward view of RUB.  *See id.* ¶¶ 3, 4. Unbeknownst to Petitioner, DB was actively engaging in the Mirror Trades money laundering scheme, in violation of American and British anti-money-laundering laws.  *Id.* at ¶¶ 3, 6. Petitioner alleges that this illegal conduct meaningfully contributed to the downward pricing effect on RUB.  *Id.* at ¶ 7, 8.  In addition, Petitioner alleges that he would not have conducted the FX Deals had DB made full and proper disclosure of its illegal conduct.  *Id.* at ¶¶ 3, 6.  Petitioner has engaged an economic expert who, with the discovery requested in this matter, can complete the analysis in support of Petitioner's positions in the German Action.  *Id.* ¶ 9.

Petitioner therefore seeks to request documents from the New York City-based, and New York State-chartered Deutsche Trust, which is found in this District.  *Id*. at ¶ 1.  In addition, a deposition is sought from an individual with knowledge of the same matters described in the proposed document request to be attached to the proposed subpoena.  *See id*. at Ex. 2.  The proposed document requests to Deutsche Trust are solely intended to be used in connection with Petitioner's defense of the German Action and his prosecution of his counterclaim.  *Id*. at ¶ 9, 11, 12.  Deutsche Trust is not a party in the German Action.  *See id*. at ¶ 10.

As set forth below, Federal law authorizes this Court, pursuant to 28 U.S.C. § 1782(a), to grant discovery for use in a foreign proceeding upon the application of an interested person. As shown below, Petitioner is entitled to invoke Section 1782(a) and therefore respectfully seeks an order granting leave to obtain production of the requested documents from Deutsche Trust, and a deposition of an individual knowledgeable about the same topics as described in the document requests, all for use in the German Action.

2

## **ARGUMENT**

## I.     **THIS APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782(a)**

Section 1782(a) authorizes U.S. district courts to grant discovery of documents or

information located in the district to foreign litigants for use in foreign proceedings.

Section 1782(a) states pertinently:

> The district court of the district in which a person resides or is
> found may order him to give his testimony or statement or to
> produce a document or other thing for use in a proceeding in a
> foreign or international tribunal . . . .  The order may be made
> pursuant to . . . the application of any interested person . . . .

28 U.S.C. § 1782(a).

These statutory requirements are straightforward.  An application must establish that "(1)

the person from whom discovery is sought resides (or is found) in the district of the district court

to which the application is made, (2) the discovery is for use in a foreign proceeding before a

foreign [or international] tribunal, and (3) the application is made by a foreign or international

tribunal or any interested person."  *In re Guo*, 965 F.3d 96 (2d Cir. 2020).  The purpose of the

law is salutary.  "Congress enacted [Section 1782] to provide equitable and efficacious discovery

for use in foreign and international proceedings.  The statute . . . aim[s] to make discovery of

evidence for use in foreign litigation simple and fair."  *In re Edelman,* 295 F.3d 171, 173 (2d Cir.

2002).  The statutory language, legislative intent and applicable case law leave no doubt that

Petitioner here meets all of the statutory requirements.

Petitioner meets the first statutory requirement because Deutsche Trust is found in this

District.  Deutsche Trust maintains its principal executive offices here at 60 Wall Street, New

York, New York 10005.  *See* Morlin Decl. ¶ 1; *In re Gemeinschaftspraxis Dr. Med. Schottdorf*, No. M19-88, 2006 WL 3844464, at *4 (S.D.N.Y. Dec. 29, 2006) (corporation that "maintains its headquarters in New York … is 'found' within the district" for purposes of § 1782).

The second statutory requirement is also met, as the discovery sought is for use in a proceeding before a foreign tribunal.  "Regardless of whether a foreign tribunal may deny admission of a document in the future, or whether it already has … [For use] indicates something that will be used employed with some advantage or serve some use." *Sampedro v. Silver Point Capital, L.P.*, 818 Fed. Appx. 14, 17 (2d Cir. 2020) (quoting *Mees v. Buiter*, 793 F. 3d 291, 298 (2d Cir. 2015)).  The requirement for a "proceeding" has been interpreted to mean one in which "an adjudicative function is being exercised." *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996).  The discovery sought here goes to the merits of a defense being asserted by Petitioner and to the merits of the counterclaim, *see e.g.* Morlin Decl. at ¶ 8-12, and this is for use in a proceeding before a German court, an obvious foreign tribunal.  *In re Federation Internationale de Basketball, for a Subpoena Pursuant to 28 U.S.C. § 1782*, 117 F. Supp. 2d 403, 405 (S.D.N.Y. 2000) ("The documents in question are sought for use in a proceeding in foreign tribunal, the Court of Appeals in Munich, Germany"); *Minatec Finance S.A.R.L. v. SI Group Inc.*, No. 08–CV–269, 2008 WL 3884374, at *4 (N.D.N.Y. August 18, 2008) (stating that the petitioner met the statutory criteria because "requested discovery is being sought for pending litigation and administrative proceedings in Germany").

There is no doubt that the Petitioner, a party in the German Action, meets the definition of "an interested person."  *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996) ("an 'interested person' includes one who is a 'party to …foreign or international litigation'") (quoting S. Rep. No. 1580,

88th Cong. 2d Sess. at p. 8 (1964)).  Petitioner seeks the discovery solely "for use" in the German Action to establish and prove his positions in the German Action.  *See* Morlin Decl. at ¶ 9, 11, 12.  Therefore, the third statutory requirement is met as well.

Thus, pursuant to 28 U.S.C. § 1782(a), this Court has authority to grant Petitioners the requested discovery.

## II.    THE COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING THIS APPLICATION

Once all of the elements of Section 1782(a) are met, requests for assistance should be liberally granted.  "[D]istrict courts must exercise their discretion under Section 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . '" *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (quoting *Malev Hungarian Airlines v. United Techs. Int'l, Inc.,* 964 F.2d 97, 100 (2d Cir. 1992)); *see also Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (twin aims of the statute are to make equitable and efficacious discovery available for the benefit of foreign litigants and foreign tribunals, and to encourage foreign countries by example to provide similar assistance to our courts); *In re Application of Chevron*, 709 F. Supp. 2d 283, 290 (same). Furthermore, the statute has been amended several times over the years, only broadening the availability of discovery. *See In re Accent Delight International Ltd.*, 869 F. 3d 121, 134 (2d Cir. 2017); *see also Intel*, 542 U.S. at 247-49.

The Supreme Court has identified four factors that "bear consideration" by courts ruling on Section 1782 applications:  (1) whether "the person from whom discovery is sought is a

participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the subpoena contains "unduly intrusive or burdensome requests [that] may be rejected or trimmed." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004). Consideration of each of these factors strongly favors granting the instant application.

The first *Intel* factor instructs district courts to consider whether the requested discovery is sought from a participant in the foreign case. If the person from whom discovery is sought is a participant in the foreign proceeding, the need for Section 1782 aid is generally not as "apparent" as it would be for a non-participant, because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. However, seeking discovery from a participant is not dispositive of a failure to meet the first discretionary factor. *See In re XPO Logistics, Inc.*, No. 15-MC-205, 2017 WL 2226593, at *5 (S.D.N.Y. May 22, 2017), *aff'd*, 2017 WL 6343689 (S.D.N.Y. December 11, 2017). Here, it is submitted that the discovery target Deutsche Trust is not a participant in the German Action, but, even if Deutsche Trust were considered to be a participant, granting the discovery application request would still be appropriate.

Deutsche Trust is a legally independent subsidiary of the German plaintiff, DB. Morlin Decl. at ¶ 7, 10. Deutsche Trust is not a named party in the German Action. *Id.* at ¶ 1. "Parent companies who are 'participants' to foreign proceedings are considered separate legal entities

6

from their subsidiaries and affiliates for the purpose of Section 1782." *In re Top Matrix Holdings Ltd.*, No. 18 Misc. 465, 2020 WL 248716, at *5 (S.D.N.Y. January 16, 2020) (citing *In re Del Valle Ruiz*, 939 F.3d 520, 523 (2d Cir. 2019)); *see also In re Accent Delight International Ltd.*, 791 Fed. Appx. 247, 251 (2d Cir. 2019) ("'[W]hether Petitioners view [respondent] as a *potential* adversary plays no role in the first *Intel* factor…The first *Intel* factor requires only that a petitioner has sufficient need for § 1782 aid.").

Although the evidence overwhelmingly indicates that Deutsche Trust is not a participant in the German Action, even if Deutsche Trust were, this would not be fatal to Petitioner's request.  The relevance of the first *Intel* factor is not only whether the party targeted for discovery is a participant in the underlying foreign proceeding, but also "whether the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible absent resort to § 1782." *In re Ex Parte Application of Porsche Automobil*, No. 15-mc-417, 2016 WL 702327, at *7 (S.D.N.Y. February 18, 2016) (holding that although subpoena recipients were participants in the foreign proceeding, the first *Intel* factor weighed in applicant's favor because the scope of the evidentiary production sought was broader than the German court could order).  Even if this Court considers Deutsche Trust to be a participant to the German Action, the relevant inquiry is whether the German court has the ability to control the evidence sought and order production. Generally in Germany, courts cannot order production of evidence of non-party recipients, the judge (rather than lawyers) gathers evidence, and courts can only order document production described in great detail.  *See id.* at *8.  Based on such reasons and because Section 1782 does not contain a "necessity requirement," the court in *Porsche Automobil* granted discovery of parties to the German proceedings.  *Id.* at *8.  The same reasoning applies to the German Action

here; thus, the first *Intel* factor weighs in favor of granting this application regardless of whether Deutsche Trust is considered a participant.

Likewise the second *Intel* factor also weighs in favor of granting this application.  In considering the foreign tribunal's receptivity to U.S. judicial assistance, district courts should be guided by the desire to serve the aims of the statute, unless there is "authoritative proof" that the foreign tribunal would reject the information obtained Section 1782.  *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995).  Here, the Petitioner seeks the discovery to help prove claims before the German court, and Petitioners' German counsel attests that he is aware of no restriction or German law that would undermine or preclude this application of the use of the fruits of any discovery obtained by it.  *See* Morlin Decl. ¶ 13; *In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018) (holding that the second discretionary factor cuts in favor of granting application "in light of the willingness of courts to [routinely] grant Section 1782 applications for proceedings in Germany").

The third *Intel* factor requires the Court to consider "whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 265.  As the *Intel* Court made clear, this factor does not impose a requirement that the discovery sought would be available to the applicant if the documents were located in the foreign jurisdiction.  *See id.* at 259-263.  Rather, the appropriate inquiry under the third *Intel* factor is whether the applicant is pursuing Section 1782 discovery in good faith.  *See Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 262 (D. Mass. 2010) ("Petitioner . . . need not seek the foreign court's blessing under [the third *Intel*] factor.  The inquiry here is whether the discovery is being sought in good faith."); *Minatec*, 2008

8

WL 3884374, at *8 (third *Intel* factor weighed in petitioner's favor where court found "nothing within th[e] record to support that [applicant] is seeking this information with less than a good faith belief that § 1782 discovery would be helpful to the foreign tribunals and itself").  In addition, there is no requirement that an applicant for Section 1782 discovery must first pursue the requested discovery in the foreign jurisdiction.  *See Malev Hungarian Airlines*, 964 F.2d at 101 (no exhaustion requirement to § 1782 application).  Here, the Petitioners in good faith seek discovery that is highly relevant to the claims in the German Action.  *See* Morlin Decl. ¶ 11, 12.

Finally, in evaluating the fourth *Intel* factor, the district court "should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure."  *Mees*, 793 F.3d at 302.  Here, the documents sought are highly relevant to the Petitioners' claims, and proportional to the needs of the case, and the value of the discovery in advancing and potentially resolving issues in the case.  *See* Morlin Decl. at ¶ 9.  Petitioners' counsel has crafted four very limited document requests in an effort to tailor them to the specific issues that may be pertinent to the German Action, *see* Morlin Decl. Ex. 2, and it is respectfully submitted that the requests on their face are not inherently unduly burdensome.  "[The Second Circuit has] instructed that 'it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright.'" *Id.* at 302 (quoting *Euromepa*, 51 F.3d at 1101). Upon allowance of the discovery, Petitioners' counsel stands ready to negotiate in good faith to the extent necessary to alleviate any genuinely undue burdens that may be imposed by the requests.

Petitioners also seek a deposition of an individual associated with Deutsche Trust on the same topics as described in the document requests and to authenticate documents, all of which are pertinent to Petitioner's defense and counterclaim in the German Action.

In sum, this application meets all of the necessary elements to obtain discovery pursuant to 28 U.S.C. § 1782(a), and all relevant discretionary considerations weigh in favor of granting this application.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the accompanying Morlin Decl., Petitioner respectfully requests that the Court enter an order authorizing his undersigned U.S. counsel to serve the proposed subpoena and conduct the requested discovery in this District pursuant to 28 U.S.C. § 1782.

Dated: July 12, 2021
     New York, New York

Respectfully submitted,

STONE LAW GROUP PLLC


By:   /s/ Ralph M. Stone
    Ralph M. Stone (rs@stonepllc.com)

1700 Broadway, 41st Floor
New York, NY 10019
(212) 239-1550

*Attorneys for Petitioner*

10