**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                                :

In re Application of Johannes Roessner to Take  :     21-mc-513 (RA) (OTW)
Discovery Pursuant to 28 U.S.C. 1782 in Aid of  :
Foreign Litigants or Proceedings                     :     **ORDER GRANTING APPLICATION TO**
                                                                :     **CONDUCT DISCOVERY FOR USE IN**
                                                                :     **FOREIGN PROCEEDINGS PURSUANT**
                                                                :     **TO 28 U.S.C. § 1782**
-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge:**

**I.**      **Introduction**

      On July 12, 2021, petitioner Johannes Roessner ("Petitioner") submitted an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") to conduct discovery for use in a foreign civil proceeding in Germany (the "German Action," and when referring to the application, the "Application"). In the German Action, Deutsche Bank AG ("Deutsche Bank" or the "German Plaintiff") has sued Petitioner for losses, not covered by his collateral, arising from two forward exchange contracts involving the exchange of Swiss francs for Russian rubles that took a positive forward view of the latter. Petitioner has filed a counterclaim, in the German Action, against Deutsche Bank for its involvement in a so-called "mirror trading" money laundering scheme that allegedly contributed to a downward pricing effect on the Russian ruble. Declaration of János Morlin, dated July 12, 2021 (ECF 3) ("Morlin Decl.") ¶¶ 3-9. Petitioner seeks to serve a subpoena (ECF 3-2) on Deutsche Bank Trust Company Americas ("Respondent"), a subsidiary of Deutsche Bank, for deposition testimony and documentary evidence. Because I find that Petitioner meets the requirements to obtain discovery under

Section 1782, the Application is **GRANTED**.

II. Discussion

a. Legal Standard

As an initial matter, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases); *see*, *e.g.*, *In re Application of Patokh Chodiev*, No. 21-mc-423 (AT), 2021 WL 3270042, at *1 (S.D.N.Y. July 30, 2021) ("Courts routinely grant similar petitions *ex parte*.").

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."[1] Section 1782 has been read to impose three statutory requirements:

> (1) that the person from whom discovery is sought reside (*or be found*) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or "any interested person."

*In re Edelman*, 295 F.3d 171, 175-76 (2d Cir. 2002) (quoting *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996)). "Once a district court is assured that it has jurisdiction over the petition, it 'may grant discovery under § 1782 in its discretion.'" *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)); *In re Top*

---

[1] A motion seeking discovery under Section 1782 is a non-dispositive motion under Federal Rule of Civil Procedure 72 and does not fall under the excepted motions listed in 28 U.S.C. § 636(b)(1)(A). *See In re Hulley Enterprises, Ltd.*, 358 F. Supp. 3d 331, 340-41 (S.D.N.Y. 2019) (collecting cases).

2

*Matrix Holdings Ltd*., No. 18-mc-465 (ER), 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020) (internal citations omitted) ("The Court is allowed wide discretion to issue discovery once the statutory requirements are met.").

The Supreme Court has outlined four factors that the district court should consider when determining whether to exercise its discretion to grant Section 1782 discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The four discretionary *Intel* factors are: (1) whether the target of discovery is a participant in the foreign proceeding (in which case the need for Section 1782 aid is not as apparent), (2) the nature of the foreign tribunal, the character of the proceedings, and the tribunal's receptiveness to U.S. federal court assistance, (3) whether the application is attempting to "circumvent foreign proof-gathering restrictions," and (4) whether the request is "unduly intrusive or burdensome." *See id*. at 264-65.

### b. Application

As an initial matter, I find that Petitioner has satisfied the three statutory requirements. First, Respondent is "found" in this District within the meaning of Section 1782 because it is a New York-chartered bank that maintains its principal office here.  Morlin Decl. ¶ 1. *In re Al-Attabi*, No. 21-mc-207 (VSB), 2021 WL 4027021, at *2 (S.D.N.Y. Sept. 3, 2021); *see In re del Valle Ruiz,* 939 F.3d 520, 528 (2d Cir. 2019) (holding that the term "found" "extends to the limits of personal jurisdiction consistent with due process"). Second, Petitioner avers that he intends to use the discovery to support the merits of his defense and counterclaim in an ongoing civil proceeding pending in a foreign tribunal in Munich, Germany, captioned as *Deutsche Bank AG*

*v. Johannes Rössner* (Landgericht München I, case no. 27 O 18319/16).² *See In re Application of Elvis Presley Enters. LLC for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, No. 15-mc-386 (DLC), 2016 WL 843380, at *3 (S.D.N.Y. Mar. 1, 2016) ("The information sought is for use before a German court, which indisputably constitutes a foreign tribunal."). Third, Petitioner is a party—specifically, a defendant and counterclaimant—to the foreign proceeding and thus indisputably qualifies as an "interested person." *Id.*

On the current record, each of the discretionary *Intel* factors also weighs in favor of granting the Application. As to the first factor, Respondent is not a named party in the German Action, nor does the record indicate that it is otherwise a "participant" in that proceeding. Though Respondent is a subsidiary of the German Plaintiff, "[p]arent companies who are 'participants' to foreign proceedings are considered separate legal entities from their subsidiaries and affiliates for the purpose of Section 1782 motions." *In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 (citing *In re del Valle Ruiz*, 939 F.3d at 523). The possibility that the German Plaintiff may also be in possession of or have access to or the requested information is "of little to no consequence," particularly because the requested information relates to the Respondent's transactions and thus does not seem to be "information that an affiliate or subsidiary would have solely by virtue of its relationship to the real party to the foreign proceedings and is pertinent only to the party to the foreign proceeding[s]." *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-mc-315 (VEC), 2021 WL 2894721, at *10 (S.D.N.Y. July 9, 2021); *In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I*

---

² Specifically, Petitioner intends to provide the discovery to an already-commissioned economist to analyze the influence of the mirror trades on the external value of the Russian rubles. Morlin Decl. ¶ 9.

*Segregated Porftfolio*, No. 20-mc-418 (CS) (JCM), 2021 WL 3829991, at *11 (S.D.N.Y. Aug. 27, 2021); *see In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 ("As the court is not prohibited from compelling discovery of information in possession of both a parent company and its subsidiary, the first *Intel* factor is adequately met.").³

The second and third *Intel* factors also cut in favor of granting the application. There is no "authoritative proof" that the German Court would reject Section 1782 assistance, and Petitioner's German counsel attests that he is "not aware of any German laws or restrictions that would preclude the use of the discovery sought" in the Application. Morlin Decl. ¶ 13; *In re Polygon Glob. Partners LLP*, No. 21-mc-364 (ER), 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)) (internal citations omitted) ("In this Circuit, this factor requires consideration of only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [S]ection 1782."); *In re Ex Parte Application of Porsche*, 2016 WL 702327, at *8 (internal citations omitted) ("The law on this factor is clear: District courts have been instructed to tread lightly and heed only clear statements by foreign tribunals that they would reject Section 1782 assistance."); *see In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018) ("[I]t is undisputed that courts routinely grant Section 1782 applications for proceedings in Germany."). There is also no evidence that Petitioner is seeking discovery to circumvent proof-gathering restrictions imposed by German law or is otherwise acting in bad faith. *See* Morlin Decl. at ¶¶ 11-13; *In re Tiberius Grp. AG*, No. 19-mc-467 (VSB), 2020 WL 1140784, at *4 (S.D.N.Y. Mar. 6,

---

³ The first *Intel* factor also favors granting the Application to the extent that German courts can only order production of documents "described in great detail." *In re Ex Parte Application of Porsche Automobil Holding SE for an Ord. Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*, No. 15-mc-417 (LAK), 2016 WL 702327, at *7-8 (S.D.N.Y. Feb. 18, 2016).

2020) ("Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third *Intel* factor implicated."); *Minactec Fin. S.A.R.L. v. SI Grp. Inc.*, No. 1:08-cv-269 (LEK) (RFT), 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008) ("The primary issue for us is whether [petitioner] is pursuing this discovery in bad faith.").[4]

As to the final *Intel* factor, Petitioner's requests do not appear unduly intrusive or burdensome, and Petitioner avers to his willingness to negotiate with Respondent in good faith to alleviate any undue burden. Morlin Decl. at ¶¶ 9-12; ECF 4 at 10. Further, Respondent may challenge particular requests by filing a motion to quash pursuant to Federal Rule of Civil Procedure 45(c)(3), though the Court expects Petitioner and Respondent to meet and confer in good faith and discourages letter-writing campaigns.

### III. Conclusion

For the foregoing reasons, Petitioner's discovery application pursuant to 28 U.S.C. § 1782 is **GRANTED**. Petitioner is hereby authorized to serve its proposed subpoena on Respondent by **November 3, 2021**. Respondent shall comply with the subpoena in accordance with the Federal Rules of Civil Procedure, the Local Rules, and my Individual Practices. Any motions to quash or for a protective order must be filed by **November 24, 2021**. The Clerk of the Court is respectfully directed to close ECF 5.

**SO ORDERED.**

Dated: October 29, 2021  
      New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge

---

[4] To the extent any of the requested documents are privileged, the proposed subpoena contains instructions for withholding documents based on privilege, and any issues regarding privilege will be better addressed, if necessary, in a future motion to quash.